UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VINCENT REED,

                      Plaintiff,

    v.

RON VAN BOENING, KELLY J. REMY, MICHAEL HUGHES, and THOMAS TANGULLEG,

                      Defendants.

No. C10-5146 BHS/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for the appointment of counsel. ECF Nos. 30 and 31. Having carefully reviewed Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

ORDER DENYING MOTION FOR COUNSEL - 1

U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff maintains that he should be appointed counsel because he is unable to afford counsel, the issues involved in the case are complex, he will require medical testimony, he is unable to locate witnesses because of institution rules, and to protect him from states officers who, through unlawful actions, conspire to thwart his ability to prepare his case.  ECF No. 30, p. 2.

Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them.  In his complaint, Plaintiff

ORDER DENYING MOTION FOR COUNSEL - 2

claims that he had been diagnosed and approved for knee surgery but Defendants "downgraded" his medical need so that they could transfer him out of state. He also claims that one of the Defendants hindered and delayed his grievances. These are not complex issues. There is nothing in the motion for counsel presented to the court to indicate that a finding of exceptional circumstances is warranted in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Concerns regarding investigation and discovery are also not exceptional factors, but are the type of difficulties encountered by many *pro se* litigants. There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process. Moreover, Plaintiff has also not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 20) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  1st  day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3