UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VINCENT REED,

                        Plaintiffs,

   v.

RON VAN BOENING, KELLY J. REMY, MICHAEL HUGHES, and THOMAS TANGULLEG,

                        Defendants.

No. C10-5146 BHS/KLS

ORDER STAYING DISCOVERY AND DENYING MOTION FOR RULE 56(F) CONTINUANCE AND MOTION FOR SANCTIONS

Before the Court are Plaintiff's "Motion to Deny Defendants Motion for Summary Judgment [Fed. R. Civ. P. 56(f)] (ECF No. 44); Motion to Compel Discovery (ECF No. 47), and "Motion for Declaratory Judgment, Finding Defendants Response to Plaintiff's Motion to Deny Defendants Summary Judgment in Bad Faith and to Order Sanctions [Fed. R. Civ. P. 11(a), 56(g)" (ECF No. 53). These motions were filed by Plaintiff in response to Defendants' motion for summary judgment (ECF No. 36). In that motion, Defendants contend, *inter alia,* that Plaintiff's claims must be dismissed because he failed to exhaust administrative remedies and has failed to present any evidence of a constitutional violation. Under a separate Report and Recommendation, the Court is recommending that Plaintiff's claims be dismissed without prejudice because he has not exhausted administrative remedies.

**DISCUSSION**

**A.    Plaintiff's Motion to Compel (ECF No. 47)**

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit

ORDER - 1

discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

As noted above, the undersigned is recommending to the District Court that Plaintiff's claims be dismissed without prejudice because he failed to avail himself of his administrative remedies. Defendants should not face the burden and expense of responding to discovery as to claims that will be dismissed if the District Court adopts the Report and Recommendation. Accordingly, the Court finds good cause to stay all discovery in this matter (including Plaintiff's motion to compel) pending further Order.

**B.    Motion for Rule 56(d) Dismissal[1] (ECF No. 44)**

Rule 56(d) of the Federal Rules of Civil Procedure allows the Court to continue a summary judgment motion when further discovery might lead to evidence establishing a genuine issue of material fact, if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.

Cases interpreting former subdivision (f), make clear that a party seeking a continuance under Rule 56 must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co*., 816 F.2d 1406, 1416 (9th Cir.1987). *See also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006); *California v. Campbell*, 138 F.3d 772, 779 (9th

---
[1] Formerly subdivision (f).

ORDER - 2

Cir. 1998) (party opposing on Rule 56(f) grounds needs to state the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts he hopes to discover to raise an issue of material fact").[2]

Plaintiff does not ask that Defendants' motion be continued, but that it be denied because Defendants have allegedly not responded to Plaintiff's discovery requests. Fed. R. Civ. P. 37(b)(2)(C) provides that the court may enter a judgment of default against a party who disobeys discovery orders. Similarly, the court retains the inherent power to impose sanctions for discovery abuses that may not technically violate the rules of discovery. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988). The choice to render such a drastic sanction rests within the discretion of the court, provided the disobedient party's non-compliance was due to willfulness, fault, or bad faith. *Fjelstad v. American Honda Motor Co*., 762 F.2d 1334, 1337 (9th Cir.1985).

There are no grounds here to deny Defendants' motion for summary judgment based on a discovery dispute. There is no evidence that Defendants have acted willfully or in bad faith. Instead, the record reflects that Defendants have responded to Plaintiff's discovery requests and Plaintiff takes issue with some of Defendants' objections and responses.

There are also no grounds here for continuing Defendants' motion for summary judgment based on Plaintiff's contention that he requires additional discovery to respond to the motion.

---

[2] Of course, pro se pleadings are to be construed liberally. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

ORDER - 3

Plaintiff requests, *inter alia,* (1) all complaints, lawsuits and disciplinary actions received by Perry Bartram, who is not a defendant in this action; (2) all emails, memos and notes generated by grievance coordinators and medical staff (as to Grievance Nos. 0718541 and 0721122); (3) all records relating to all medical holds at MICC between February 1, 2005 and February 1, 2009; (4) the names, addresses and telephone numbers of thirteen "witnesses" (including the four named defendants); and (5) "a full disclosure" of grievances relating to another inmate's (Ronnie Hicks) medical treatment. ECF No. 45, pp. 5-6. Plaintiff also states that he needs to take the depositions of all the Defendants and Ronnie Hicks. Plaintiff does not explain, however, how the discovery he seeks will lead to evidence creating a genuine issue of fact.

Defendants presented evidence that Plaintiff filed a grievance complaining that he had not received proper medical care, that his knee surgery was being unduly delayed, his medical condition was deliberately misdiagnosed, and he was at risk for a possible transfer. Plaintiff does not dispute that he failed to complete the grievance process and does not show how the discovery he seeks will lead to evidence creating a genuine issue of material fact as to whether he has exhausted his administrative remedies. Accordingly, Plaintiff's motion to deny and/or delay Defendants' summary judgment motion based on a lack of discovery is without merit.

**C.   Motion for Declaratory Judgment and Sanctions (Fed. R. Civ. P. 11(a) and 56(g)**

Under Rule 11, the moving party must comply with the following provision:

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

ORDER - 4

Fed.R.Civ.P. 11(c)(2). Thus, Rule 11 contains a "safe harbor" provision, whose purpose is to give the non-moving party the opportunity to withdraw the offending pleading. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998). It requires that a motion for sanctions be served on the opposing party 21 days before it is filed in court. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir.2001). Here, the certificate of service attached to the motion is dated May 8, 2011. ECF No. 55. There is no evidence that Plaintiff served this motion on defendants 21 days before filing it in this Court. Therefore, Plaintiff's motion for sanctions under Rule 11 is denied.

Plaintiff also seeks sanctions pursuant to Rule 56(h) (formerly 56(g)), which provides:

> (g) Affidavit Submitted in Bad Faith. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed.R.Civ.P. 56(h). Plaintiff contends that counsel for Defendants submitted Defendants' Response to Plaintiff's Motion to Deny Defendants' Summary Judgment Motion (ECF No. 50) in bad faith because in that motion, counsel claimed that (1) records sought related to the non-party Bartram were inaccessible because of the closure of McNeil Island; (2) Plaintiff has requested five years of records related to every institutional hold at McNeil Island; (3) Plaintiff's letter does not constitute a proper discovery requests; and (4) counsel never received notice of setting deposition. ECF No. 54, p. 4. Plaintiff argues that counsel has attempted to mislead the Court because the information sought is readily accessible in Olympia, Plaintiff seeks medical hold information as to himself only, his letter was merely a follow-up to a previous discovery request, and counsel is "not being honest" in misrepresenting correspondence requesting discovery and depositions. ECF No. 54, pp. 6-7.

ORDER - 5

As noted above, all discovery in this matter (including Plaintiff's motion to compel) shall be stayed pending further order. In addition, Plaintiff offers no persuasive argument and no evidence in support of his contention that Defendants' counsel has acted in bad faith. There is no basis for finding impropriety in the positions taken by the parties in their discovery dispute. In particular, there is no evidence of intentional fabrication of facts in an affidavit.

Plaintiff is admonished that he, too, is bound by the requirements of Rule 11 and even a motion for sanctions is, itself, subject to the consequences of rule 11 if it is filed in violation of the Rule.

Accordingly, it is **ORDERED:**

(1) All discovery in this matter (including Plaintiff's Motion to Compel (ECF No. 47)) shall be **STAYED** pending further order of this Court.

(2) Plaintiff's Motion to Deny Summary Judgment (ECF No. 44) and Motion for Declaratory Judgment and Sanctions (ECF No. 53) are **DENIED.**

(3) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this  16th  day of June, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6