UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. REED,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

Case No. C10-5146BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 59) and Plaintiff's ("Reed") objections. Dkt. 60. The Court having considered the R&R, Reed's objections, Defendants' response, and the remaining record, adopts the R&R for the reasons discussed herein.

## I. FACTUAL AND PROCEDURAL HISTORY

This matter arises out of Reed's challenge to his medical treatment and the prison grievance process while incarcerated at the McNeil Island Corrections Center. *See, e.g.,* Dkt. 59 (R&R). On June 16, 2011, the magistrate judge issued an R&R to this Court, which recommended granting Defendants' motion for summary judgment on the basis that Reed failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e.

On June 30, 2011, Reed objected to the R&R. Dkt. 60. Therein, Reed argues, among other things, that he did file a grievance and could not exhaust his remedies because the

ORDER – 1

remedies were made unavailable. *See id*. On July 14, 2011, Defendants responded in opposition to Reed's objections. Dkt. 61.

The Court finds the R&R to accurately reflect the facts of this case. A full discussion of the facts can be found within the R&R. Dkt. 59 at 1-5. In short, the magistrate judge found that (1) Reed, believing that his medical needs were not properly tended to, filed but did not fully appeal his grievance regarding his medical treatment; (2) the Department of Corrections has a four-level, formal grievance process that is well known among inmates; and (3) Reed did not grieve or appeal the administrative withdrawal of his Level II appeal.

## II. DISCUSSION

**A.  Standard**

The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

> *No action shall be brought with respect to prison conditions* under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e (emphasis added).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 740, 742 (2001).

Based on the foregoing, applicable standard, the magistrate judge determined that Reed failed to exhaust his administrative remedies. Specifically, the magistrate judge found as follows:

> Here, it is undisputed that there is a well-established grievance procedure available to Washington state inmates, including Reed. The record reflects that Reed filed one grievance relating to the medical treatment of his

ORDER – 2

> knee, the grievance was denied, and Reed appealed the denial. ECF No. 42, *Id.*, ¶ 13, Exhs. S and T. After he failed to appear for callouts on December 13, 2007 and December 17, 2007, his grievance was administratively withdrawn. *Id.*, ¶ 14, Exh. U. *Reed failed to appeal his grievance to the next level of appeal available to him. In addition, Reed did not grieve or appeal the administrative withdrawal of his Level II appeal. Id.*, ¶ 15. Reed does not dispute these facts, but claims that Defendants' motion for summary judgment should be denied because he requires further discovery. He has not shown, however, that further discovery will lead to evidence creating a genuine issue of material fact as to whether he exhausted his administrative remedies.

Dkt. 59 at 11 (emphasis added).

**B.     Reed's Objections**

Before the magistrate judge, Reed argued that Defendants' motion for summary judgment should be denied for want of more discovery, and Reed made the following arguments:

> Reed alleges that Defendants improperly delayed his request for knee surgery and after Reed filed a grievance to obtain the needed medical attention, Defendants retaliated against him by attempting to transfer him to an out of state facility. [Dkt.] 24 [at] 3. He also claims that Defendants "hindered" and "obstructed" the normal grievance process to prevent the timely review of his serious medical condition. *Id.* Reed asserts a 42 U.S.C. § 1983 claim premised on alleged violations of the First, Fifth, Eighth and Fourteenth Amendments. Reed also asserts violations of the State Constitution and claims for negligence, breach of warranty, and outrage.

Dkt. 59 at 2. The magistrate judge limited the R&R to the strict exhaustion requirements of the PLRA. Reed's objections to the R&R are equally limited herein bk, ecause of the strict requirement for exhaustion under the PLRA, discussed above.

Therefore, the only question before the Court is whether Reed exhausted his administrative remedies. He did not. Reed argues that the grievance process was made unavailable, but he has failed to provide competent evidence that undermines the magistrate judge's findings that he failed to file a grievance regarding the grievance process. *See* Dkt. 59 at 11-12. Reed also fails to supply competent evidence to contradict the magistrate judge's finding that he failed to appeal his grievance regarding medical malpractice to the final level. *See, e.g., id*; *see also* Dkt. 60.

ORDER – 3

Therefore, because Reed failed to exhaust his administrative remedies as required by the PLRA, the magistrate judge properly recommended granting Defendants' motion for summary judgment.

### III. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment is **GRANTED**; and

(3) This matter is **CLOSED**.

DATED this 9th day of August, 2011

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4